IN RE GRAHAM'S ESTATE.

In Banc. April 10, 1950.

No. 37466 (45 So. (2d) 726)

Carl A. Chadwick and P. G. Swartzfager, for appellant.

J. H. Keyer and W. A. Geisenberger, for appellee.

Smith, J.

This matter is before us on a motion to dismiss the appeal on the ground that there is no decree and without it an appeal will not lie.

The record contains an entry therein beginning: "Be It Remembered: That on, to-wit: the 16th day of March, 1949, the same being one of the days of the regular March, 1949 term of the Chancery Court in and for the Court (sic) aforesaid, the above styled cause came on for hearing in the Adams County Chancery Court Room, in the Adams County Courthouse, at Natchez, Mississippi, before the Honorable R. W. Cutrer, Chancellor, sole presiding, when and where the following proceedings were had and entered of record, to-wit:"

At that point, a colloquy ensued between the chancellor and an attorney for one of the parties to the controversy. The chancellor announced that he would appoint a tem-

porary administrator for the purpose of reviving pending suit "and will appoint Mrs. Bethel Patte as special administratrix and require a bond of $1,000.00 for her to give and let her push that suit to conclusion but will overrule the objection as to removing Mr. Abbott and appointing another. You may draw the decree in accordance with that."

Thereupon, the aforesaid attorney was permitted to enter a motion that "Carl A. Chadwick now requests the Court to allow him, together with Mr. Walker P. Abbott, who has been appointed the temporary administrator of the estate of Nellie Graham, to inventory the chattels and properties of the said Nellie Graham which are now in a safety deposit box in the Britton & Koontz National Bank of Natchez, Mississippi."

The court asked Mr. Abbott if he had any objection, and the latter stated he would like for Mr. Keyer to be present. Mr. Keyer appears here as an attorney for Mr. Abbott, the movant in the motion at bar. The matter, it seems, was apparently to be taken up the following Thursday, and the court announced the appraisers would not go into the box until the opposite party had a hearing, and admonished Mr. Abbott, "don't go to it, Mr. Abbott."

That is the end of the record. No decree was ever signed, according to the record, and no appeal was granted by the chancellor. There is nothing in the record to show an application for an appeal, and its denial by the chancellor. There is no such order, and there is no order granting an appeal. This is important, because appellant contends that the appeal is from an interlocutory decree. However, an appeal was granted by a former member of this Court, apparently relying upon certain statements in the petition to him for the same, and answer thereto. Two attacks are made upon the appeal: (1) "The record discloses no Final Decree of the Chancery Court of Adams County, Mississippi from

which an appeal could legally be taken. (2) The record discloses no interlocutory decree of the Chancery Court of Adams County, Mississippi, from which an appeal could legally be taken." We are, therefore, asked to dismiss the appeal. Appellant admits there was no final decree. The record reveals there was no interlocutory decree.

The petition, on which the former member of this Court granted the appeal, is in the record and, among other things, avers: "The interlocutory decree entered by said Court and from which this petitioner desires an appeal to be granted by this Court (the Supreme Court) is a decree heretofore entered on the 16th day of March, 1949, on a petition filed by Mrs. Bethel Patte petitioning the Chancery Court of Adams County, Mississippi to set aside Walter P. Abbott, Chancery Clerk of Adams County, Mississippi, as temporary administrator of the estate of Miss Nellie Graham, deceased, and substitute petitioner, Mrs. Bethel Patte, as administratrix of said estate, . . . ".

The temporary administrator, Mr. Walter P. Abbott, filed an answer, which contains this suprising statement: "That respondent admits that an interlocutory decree was entered in this matter by the Chancery Court of Adams County, Mississippi on the 16th day of March, 1949 and which interlocutory decree was based on a petition filed by Mrs. Bethel Patte seeking to set aside the appointment of Walter P. Abbott, Clerk of the Chancery Court of Adams County, Mississippi, as Temporary Administrator of the Estate of Nellie Graham, deceased, and to substitute in his place and stead petitioner, Mrs. Bethel Patte."

We must look beyond their pleadings, and search the record for a decree. The matter is jurisdictional, and without a decree no appeal will lie. It is to be remembered that the announcement of the chancellor concluded with this permission: "You may draw the

decree in accordance with that." But there was no decree, either final or interlocutory. The answer also contains the admission that respondent was notified that the chancellor would not grant "an appeal from his ruling in this matter," but, as stated, supra, there is no application therefor, or order as to it, in the record. It may be that the admission of the *entry* of an interlocutory decree in the answer referred to the verbal announcement to the attorneys by the court "You may draw the decree in accordance with that," although there is no such decree in the record.

Section 1945, Code 1942, provides: "but a cause shall not be removed into said court [Supreme Court] until after final judgment in the court below, except in cases particularly provided for by law; . . . ".

Appeals from final decrees are governed by Section 1147, Code 1942. It allows appeal from any final judgment or decree, subject to certain exceptions irrelevant here. There is no final decree in the record, and it is so conceded by appellants.

Section 1148, Code 1942, allows interlocutory appeals in the sound discretion of the chancellor whereby money is required to be paid, or the possession of property changed, or when having sustained or overruled a demurrer or motion, the chancellor may think an appeal proper to settle all the controlling principles involved in the cause, or in exceptional cases, to avoid expense and delay. Such appeal must be applied for and bond given within thirty days after the decree appealed from is filed in the proper office, and must be allowed by the court or chancellor. But, if he refuse to allow it a judge of the Supreme Court may do so.

There is no interlocutory decree in the record. There is, therefore, no application for appeal therefrom. No decree has been filed in the proper office. According to the record itself, the matter was recessed to the Thursday following the courtroom transactions under the date

of that date as mentioned. No decree of any kind was signed.

Since there was no decree of any kind signed by the chancellor in this matter, the motion to dismiss the appeal must be, and it is, sustained.

Appeal dismissed.